NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ANNA FISHER, PETITIONER, v. CRUCIBLE STEEL COMPANY OF AMERICA, RESPONDENT.

**Pneumonia—Alleged That Cause Was Fall Into a Vat of Weak Solution of Sulphuric Acid, Immediately Rescued and Sponged Off—Examined by Doctor and No Injury Found— Worked More Than Month Afterward, Before Disease Developed—Case Dismissed.**

\*          \*          \*          \*          \*          \*          \*

1. That on or about November 13th, 1923, the said decedent was employed by the respondent at its plant in Jersey City as a carpenter at a weekly wage of $35; that while engaged in the duties of his employment he fell into a large vat containing a very weak solution of sulphuric acid; that he was removed from the said tank immediately, was sponged off by his fellow-employes, during which operation he sat in front of a large furnace located in the same room where the vat was situated and within a short distance therefrom; that the said room was at the time at normal temperature; that the said decedent was very thoroughly examined by the

physician of the said respondent within half an hour of the occurrence; that he stated to the said physician that he was all right, and the said physician could not discover any ill-effects sustained by the said decedent from his said immersion; that thereafter, with the exception of Thanksgiving Day, November 29th, and Saturday, December 15th, 1923, the said decedent worked continuously in the said respondent's plant five days each week and half a day on Saturday from the date of the said accident until Friday, December 21st, 1923; that on the latter date he was found lying upon a bench back of a furnace, and, upon being interrogated, stated that he had a chill and felt dizzy; that he was thereafter removed to his home, where he remained for several days without the attendance of a physician, who, when finally called in, either on December 23 or 24th, 1925, diagnosed the case as one of lobar pneumonia, and that the said decedent died of lobar pneumonia on December 27th, 1923.

2. That the allegation in the petition, and upon which the said proceeding is founded, to the effect that the immersion occurred on December 12th, 1923, is not sustained by the proof, and that the great weight of the evidence demonstrates that the immersion occurred on November 13th, 1923, and was neither the proximate nor the contributing cause of the said employe's death.

It is thereupon, on this 28th day of September, 1925, ordered that the said petition be and it is hereby dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*